# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NATHANIEL TESLEY,

        Petitioner,        Case Number: 2:08-CV-14993

v.        HON. DENISE PAGE HOOD

RAYMOND BOOKER,

        Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Nathaniel Tesley, a state inmate currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for second-degree murder and felony firearm. Respondent has filed a motion to dismiss on the ground that the petition was not timely filed. Because the Court finds that the petition was not timely filed, the Court grants the motion.

**I.**

Petitioner pleaded guilty in Wayne County Circuit Court to second-degree murder and felony firearm pursuant to a plea agreement. The plea agreement provided that, in exchange for the guilty plea, the prosecutor would dismiss the first-degree murder charge and recommend a sentence of thirty to sixty years' imprisonment for the second-degree murder conviction. On October 20, 1997, he was sentenced to thirty to sixty years' imprisonment for the second-degree murder conviction and two years' imprisonment for the felony-firearm conviction.

On January 2, 1998, the trial court issued an order appointing appellate counsel. On July 23, 1998, Petitioner, through counsel, filed a motion to amend sentence. The motion was granted. *People v. Tesley*, No. 97-001166-01-FC (Wayne County Circuit Court July 31, 1998).[1] Subsequently, appellate counsel filed a motion to withdraw. The motion was granted on December 4, 1998.

On June 13, 2001, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. *People v. Tesley*, No. 97-001166-01-FC (Wayne County Circuit Court Sept. 7, 2001). Petitioner filed a delayed application for leave to appeal the denial of his motion for relief from judgment. The application was dismissed because it was not timely filed. *People v. Tesley*, No. 247117 (Mich. Ct. App. Apr. 16, 2003). Petitioner filed a motion for reconsideration, which was denied. *People v. Tesley*, No. 247117 (Mich. Ct. App. May 20, 2003). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Tesley*, No. 124060 (Mich. Nov. 24, 2003).

Petitioner filed a second motion for relief from judgment on June 14, 2007. The motion was denied because it was an impermissible second motion. *People v. Tesley*, No. 97-001166-01-FC (Wayne County Circuit Court June 14, 2007). Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals dismissed the application for lack of jurisdiction because the denial or rejection of a successive motion is not appealable. *People v. Tesley*, No. 280021 (Mich. Ct. App. Sept. 7, 2007). Petitioner's application for leave to appeal was also denied by the Michigan Supreme Court. *People v.*

---

[1] It is unclear from the record before the Court on what basis the motion was granted. The basis for granting the motion, however, is not relevant to the Court's determination of the timeliness of the pending petition.

*Tesley*, No. 134932 (Mich. Nov. 29, 2007).

On November 20, 2008, Petitioner filed the pending petition for a writ of habeas corpus. Respondent has filed a motion to dismiss arguing that the petition should be dismissed because it was not timely filed.

**II.**

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). In addition, the time during which a prisoner seeks state-court collateral review of a conviction tolls the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner did not file a direct appeal in the Michigan Court of Appeals. His convictions, therefore, became final on July 31, 1999, when the one-year limitations period for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired. *See* Michigan Court Rule 7.205(F). Accordingly, the limitations period commenced on August 1, 1999 and continued to run, uninterrupted, until it expired on August 1, 2000. Petitioner filed a motion for relief from judgment in the trial court on June 13, 2001. That motion, however, did not restart the limitations period nor toll the already expired limitations period.

Petitioner has failed to allege any circumstances which would warrant equitable tolling of the limitations period. Accordingly, Petitioner's application for a writ of habeas corpus is barred by the one-year statute of limitations.

**III.**

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). The Court concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

**IV.**

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period and that equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                            S/Denise Page Hood
                                            Denise Page Hood
                                            United States District Judge

Dated: February 5, 2010

      I hereby certify that a copy of the foregoing document was served upon Nathaniel Tesley, Reg. No. 218984, Pine River Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880 and counsel of record on February 5, 2010, by electronic and/or ordinary mail.

                                            S/William F. Lewis
                                            Case Manager